IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHEYENNE PATE | § | |
| v. | § | CIVIL ACTION NO. 6:10cv444 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Cheyenne Pate, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement in TDCJ. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pate was charged with the disciplinary offenses of commission of a felony (possession of a cell phone) and attempting to establish an inappropriate relationship with an officer, Russell Gardner, in that he had offered Gardner $100.00 to introduce contraband, in the form of a cell phone, into the prison. As punishment for these offenses, Pate received 15 days of cell and commissary restrictions and the loss of 350 days of good time credits.

In his federal habeas petition, Pate argued that he is actually innocent, he was denied the right to cross-examine Gardner at the hearing, he was served with two offense reports for the same violation - one written by Gardner and one written by a major named Farquhar - in violation of the double jeopardy clause, he was denied the right to offer documentary evidence, and TDCJ rules were violated in various ways.

1

The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed. The state court records were also provided, but the audiotape of the disciplinary hearing is inaudible due to a malfunction of the recorder. Pate did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on June 14, 2011, recommending that the petition be denied. The Magistrate Judge concluded that claims of actual innocence do not set out a valid ground for federal habeas corpus relief and that some evidence supported the finding of guilt, Pate did not have a constitutional right to cross-examine Gardner, the Double Jeopardy Clause does not apply to prison disciplinary proceedings and Pate did not show a violation of the Clause in any event, the evidence which Pate wished to present was already before the disciplinary court, and TDCJ rule violations do not set out a basis for federal habeas corpus relief. The Magistrate Judge also recommended that Pate be denied a certificate of appealability *sua sponte*.

Pate received a copy of this Report on June 20, 2011, and filed a motion for extension of time to file objections on July 6. On July 14, 2011, this motion was granted and Pate was given until August 15, 2011 in which to file his objections. Pate received a copy of this order on July 19, 2011, but has filed no objections to the Report of the Magistrate Judge.

Pate has filed a motion for a copy of the record in another habeas proceeding, McMullen v. Director, TDCJ, civil action no. 6:09cv426. In that case, the petitioner Michael McMullen was charged with the same offense as in the present case. The evidence at the disciplinary hearing showed that Gardner testified that McMullen and Pate had attempted to bribe him, and an investigation showed that Pate had "made the deal" and McMullen had given the money to the officer. McMullen argued that the fact that Pate was also charged with an offense showed that he, McMullen, could not have been involved; however, under the TDCJ Disciplinary Rules for Offenders, a violation of the rules may consist of engaging in, attempting to engage in, or conspiring to engage in specified behavior, or aiding others in engaging, attempting to engage in, or conspiring to engage in specified behavior. Thus, the Court determined that there was no due process violation

in the fact that both Pate and McMullen were charged with disciplinary offenses or that both were convicted in connection with the same incident. Pate has failed to show that any information in McMullen's case file would be of benefit to him, particularly in light of the fact that he has offered no objections to the Report of the Magistrate Judge and thus is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Cheyenne Pate is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of August, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**